JACKSON, trustee, vs. POOL & HUNT.

[Jackson, C. J., not presiding, on account of providential cause.]

On a bill to subject a trust estate for mill machinery sold to the trustee for the use and benefit of the trust estate, it was incumbent on the complainants to prove the existence of a trust estate, of what it consisted, and the specific facts which rendered it liable for the debt. Where the trust deed was not set out in the bill or annexed thereto, and no evidence was introduced showing the trust, its na-

ture or character, or what power the trustee had to make the purchase, or how or in what manner the trust estate was liable, after a verdict for the complainants, a new trial should have been granted.   56 *Ga.*, 640.

Judgment reversed.

September 16, 1884.

BLANDFORD, Justice.

[Pool & Hunt filed their bill against L. O. Jackson, trustee for his wife and children, to subject the trust estate to an indebtedness alleged to have been created by the trustee for the purchase of certain mill machinery for the use and benefit of the trust estate, and which was necessary therefor.   The bill alleged that only the wife and children were interested in the trust property, and that it consisted of certain realty and personalty described; that the trust was created by a marriage settlement, which was not recorded, and complainants could not, therefore, attach it to the bill.

The answer denied that the trust estate was liable, and asserted that the property was sold to Jackson individually.   It admitted that the machinery was for the improvement of property spoken of as the property of Mrs. Jackson.   It also set up a recoupment, by reason of the failure of the machinery to accord with the warranty made by complainants.

On the trial, the evidence as to the machinery, its nature and qualities, was conflicting.   The trust deed was not produced or introduced in evidence, nor were the terms or the nature of the trust proved.

The jury found for the plaintiffs $200.00.   Defendant moved for a new trial on several grounds, one of them being that the verdict was contrary to law, evidence and without evidence to support it.   The motion was overruled, and defendant excepted.]